(Reap. Dec. 11062)

INTER-MARITIME FORWARDING CO., INC. *v.* UNITED STATES

Entry No. 490769.

(Decided September 21, 1965)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

WILSON, Judge: This is an appeal for reappraisement of the value of certain knit cashmere cardigan sweaters, exported from Scotland in November 1961.

The record consists of the following stipulation entered into between counsel for the respective parties:

Mr. TOMPKINS: If the Court please, the Government attorney and myself are in agreement on certain basic facts; and I offer to stipulate with him as follows:

1. The merchandise under appeal is limited to Cashmere cardigan sweaters described on the invoice under appeal as "M C 1000 Ladies Cashmere Jackets" and that said sweaters were exported to the United States from Scotland in November 1961.

2. The plaintiff, The Inter-Maritime Forwarding Co., Inc. is the customhouse broker and the importer of record on the entry covering said sweaters. The ultimate consignee is Braemer Knitwear (U.S.A.) Ltd., a corporation incorporated under the laws of the State of New York, which imported the said sweaters from Scotland.

3. Said sweaters are knit cashmere sweaters which are specified in the "Final List" as set forth in T.D. 54521.

4. At the time of exportation such and similar sweaters were not freely offered for sale to all purchasers in the principal markets of Scotland for home consumption nor for exportation to the United States, nor were such sweaters freely offered for sale for domestic consumption to all purchasers in the principal market of the United States.

5. The appraised value of said sweaters was based upon the "Cost of Production" as defined in Section 402a(f) Tariff Act of 1930 as amended by the Customs Simplification Act of 1956; that said "Cost of Production" value was found by the Appraiser to be:

| | APPRAISED—BRITISH SHILLINGS |
|---|---|
| ITEM | EACH |
| M C-1000 | 80/0 plus 5% (1008/0 per dozen) |

6. That in determining the "cost of production" value on the said M C-1000 sweaters the Appraiser adopted the figure of 274/7 shillings per dozen as his statutory "usual general expenses," which figure is the amount reported by the manufacturer as covering warehouse, office, general and selling expenses.

7. Plaintiff limits this appeal to the claim that an amount paid by the foreign seller to the Braemer Knitwear (U.S.A.) Ltd., which plaintiff claims is included in the above figure of 274/7 shillings per dozen, should be deducted from the said "cost of production"; all other elements of the Appraiser's "cost of production" value being accepted by the plaintiff as correct.

Section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, provides as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

The burden of proof in reappraisement cases rests upon the plaintiff who is required to prove the action of the appraiser erroneous and to establish some other dutiable value as the proper one. *Kobe Import Co.* v. *United States*, 42 CCPA 194, C.A.D. 593; *United States* v. *Fisher Scientific Co.*, 44 CCPA 122, C.A.D. 648. The degree of that burden is set forth in the case of *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495, at page 41, in the following language:

To sustain his burden of proof, and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264, citing *United States* v. *T. D. Downing Co. (George H. Sweetnam, Inc.)*, 20 C.C.P.A. (Customs) 251, T.D. 46057. * * *

Further, it is not incumbent upon the Government to prove that the appraised value was proper until or unless the importer has shown the appraisement to be erroneous and establishes a different value. *Kenneth Kittleson* v. *United States*, 40 CCPA 85, C.A.D. 502.

In the case at bar, the plaintiff contends that "the action of the Appraiser in including a commission paid to a sales agent in the United States as part of the 'usual general expenses,' under the 'cost of production' dutiable value" (plaintiff's brief, page 1) was improper. However, the record in this case is wholly devoid of any proof whatsoever of "usual general expenses" other than that found

by the appraiser. Further, no proof has been adduced by the plaintiff showing that the alleged commission, claimed to be improperly included by the appraiser in his return of value, was actually included therein by him or, even if so included, that the alleged commission covered "services performed in the United States," as contended by the plaintiff. As a matter of fact, the plaintiff (brief, page 1), as disclosed by the record in the case at bar, concedes that no "evidence was introduced establishing the amount of the commission and other factors related to the payment of the commission." It would appear that what the plaintiff herein is asking this court to do is to treat this appeal as though the plaintiff had actually made out a *prima facie* case in support of its position relative to "usual general expenses," herein applicable, and to pass upon the question which the court might have been obliged to do if the plaintiff had established by probative evidence that which it has concededly not done. There is no statutory obligation or legal necessity for the court to pass upon an issue predicated upon facts not before it and which, accordingly, is not properly before the court for decision. As was stated by our appellate court in the case of *United States* v. *Malhame & Co.*, 19 CCPA 164, 171, T.D. 45276:

> The courts may not properly supply from imagination the essentials in which the proofs are deficient.

The burden imposed upon the plaintiff under the statute has not been met in this case.

On the basis of the record presented, I find as facts:

1. That the merchandise herein involved consists of cashmere cardigan sweaters, exported from Scotland on or about November 21, 1961.

2. That the cashmere cardigan sweaters in question were appraised on the basis of cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That the record in this case is devoid of any evidence to establish any other value than that returned by the appraiser.

I conclude as matters of law:

1. That the plaintiff herein has failed to overcome the presumption of correctness attaching to the appraiser's finding of value.

2. That cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise here involved, and

3. That such value is the appraised value in this case.

Judgment will be entered accordingly.